IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CONSTRUCTION INDUSTRY LABORERS )
PENSION FUND, et al., )
) **No. 09-906-CV-W-GAF**
)
                Plaintiffs, )
v. )
)
**JWK CONTRACTING, INC.** )
)
                Defendant. )

## DEFAULT JUDGMENT

Upon the motion of the Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund, plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

    1.    Plaintiffs herein on October 30, 2009, filed their Complaint against the defendant herein; and

    2.    The defendant was served through its Registered Agent, Craig A. Van Matre, by Special Process Server with a copy of the Summons and Complaint on November 16, 2009, at 1101 East Broadway, Suite 101, Columbia, MO 65201, and therefore the Court has jurisdiction over said defendant; and

    3.    This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. §1132, and therefore the Court has subject matter jurisdiction over the within cause; and

    4.    Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon plaintiffs; and the plaintiffs have heretofore filed in the within cause on February 22, 2010, the following pleadings and caused the same to be mailed by certified mail to: Craig A. Van Matre, Registered Agent, 1101 East Broadway, Suite 101, Columbia, MO 65201:

        a.    Plaintiffs' Motion for Default Judgment by the Court (Pursuant to

>     Rule 55(b)(2) Federal Rules of Civil Procedure);
>
> b.  Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and
>
> c.  Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

5. The Court entered a show-cause order on the 16th day of March, 2010, directing defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to: Craig A. Van Matre, Registered Agent. Nevertheless, no proceedings have been made by defendant since the institution of this action or the aforementioned Order of the Court to show cause why default judgment should not be entered;

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, JWK Contracting, Inc., and in favor of plaintiffs, Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## **COUNT I**

1. That the plaintiff, Construction Industry Laborers Pension Fund, have and recover of and from the defendant for the period **January 1, 2006 through October 31, 2008** the amount of **TWELVE THOUSAND, THIRTY-EIGHT AND 00/100 ($12,038.00) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, FOUR HUNDRED SEVEN AND 60/100 ($2,407.60) DOLLARS** as and for liquidated damages and **SIXTY-FIVE AND 46/100 ($65.46) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, NINETY-EIGHT AND 76/100 ($1,098.76) DOLLARS** representing reasonable attorneys' fees; **EIGHT HUNDRED SIXTY-SIX AND 87/100 ($866.87) DOLLARS** representing audit costs, for a total of **SIXTEEN THOUSAND, FOUR HUNDRED SEVENTY-SIX AND 69/100 ($16,476.69) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to

employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **November 1, 2008,** to date.

3. That the plaintiff, Construction Industry Laborers Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **November 1, 2008,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT II

1. That the plaintiff, Construction Industry Laborers Welfare Fund, have and recover of and from the defendant, for the period **January 1, 2006 through October 31, 2008,** the amount of **FOURTEEN THOUSAND, FIVE HUNDRED NINETY-SIX AND 09/100 ($14,596.09) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, NINE HUNDRED NINETEEN AND 22/100 ($2,919.22) DOLLARS** as

and for liquidated damages and **SEVENTY-NINE AND 37/100 ($79.37) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, NINETY-EIGHT AND 76/100 ($1,098.76) DOLLARS** representing reasonable attorneys' fees; **EIGHT HUNDRED SIXTY-SIX AND 88/100 ($866.88) DOLLARS** representing audit costs, for a total of **NINETEEN THOUSAND, FIVE HUNDRED SIXTY AND 32/100 ($19,560.32) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **November 1, 2008,** to date.

3. That the plaintiff, Construction Industry Laborers Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **November 1, 2008,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

### III.

1. That the plaintiffs, Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund, have and recover of and from defendant JWK Contracting, Inc. the amount of **ONE THOUSAND, EIGHT HUNDRED FIFTY-THREE AND 60/100 ($1,853.60) DOLLARS** as and for liquidated damages and interest on the late payment of employee benefit plan contributions for the months of **MARCH, APRIL, MAY AND JULY 2008**; reasonable attorney's fees and costs in the amount of **THREE HUNDRED AND 00/100 ($300.00) DOLLARS**; for a total of **TWO THOUSAND, ONE HUNDRED FIFTY-THREE AND 60/100 ($2,153.60) DOLLARS.**; and their costs herein incurred and expended and that execution issue therefore.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: April 6, 2010